No. 15-1058

---

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

---

| | | |
|---|---|---|
| ROBERT SCHAEFER, and the certified class of similarly-situated persons, | ) ) ) | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No.   10 C 6366 |
| WALKER BROS. ENTERPRISES, INC., WALKER BROS. HIGHLAND PARK, INC., WALKER FOOD SERVICES, INC., WALKER BROS. LAKE ZURICH, INC., WALKER BROS. LINCOLNSHIRE, INC., WALKER BROS. WEST, INC., and RAY E. WALKER, | ) ) ) ) ) ) ) ) | Charles Ronald Norgle, Judge |
| Defendants-Appellees. | ) | |

---

REPLY OF PLAINTIFFS-APPELLANTS

---

Douglas M. Werman
Werman Salas P.C.
77 West Washington Street
Suite 1402
Chicago, Illinois 60602
312/419-1008

Jamie G. Sypulski
Law Office Jamie Golden Sypulski
150 North Michigan Avenue
Suite 1000
Chicago, Illinois 60601
312/332-6202

*Attorneys for Plaintiffs-Appellants*

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No.                           09-3029

Short Caption:                                *Schaefer v. Walker Bros. Enters., Inc.,*
                                              No. 10-6366

A.    The full name of every party that
      the attorney represents in this case:   Named Plaintiff Robert Schaefer, Opt-
                                              In Plaintiffs Alvina Sakoff, Rotem
                                              Benezra, Colin Petrovich, Kelly E.
                                              Dunwoody, Maureen B. Long, Alexis
                                              Ziverts, Hillary Ziverts, Whitney
                                              Schlismann, Elliot Robbin, Kimberly
                                              Lopez, Christian Lopez, and the
                                              Certified Class of Servers

B.    The names of all law firms whose
      partners or associates have appeared
      for the party in this court:            Law Office Jamie Golden Sypulski;
                                              Werman Salas P.C.

C.    If the party or amicus is a corporation:      N/A

Attorney's Name:   Douglas M. Werman, Jamie G. Sypulski


Counsel of Record:  Jamie G. Sypulski

Douglas M. Werman                    Jamie G. Sypulski
Werman Salas P.C.                    Law Office Jamie Golden Sypulski
77 West Washington Street            150 North Michigan Avenue
Suite 1402                           Suite 1000
Chicago, Illinois 60602              Chicago, Illinois 60601
Telephone:   312/419-1008           312/332-6202
Facsimile:    312/419-1025          312/580-7175
E-mail:  dwerman@flsalaw.com         jsypulski@sbcglobal.net

i

# TABLE OF CONTENTS

| | Page |
|---|---|
| Table of Contents ............................................................... | ii |
| Table of Authorities .......................................................... | iii |
| Introduction ……..................................................................... | 1 |
| Argument ……….................................................................... | 4 |
| I.    The Food Preparation Duties That Defendants Required Servers To Perform Are Not Related To Serving Customers And Thus Must Be Compensated At Minimum Wage | 4 |
|     A.    Duties Related To Duties Of A Tipped Occupation Must Be *Incidental* To The Tipped Duties, And Food Preparation Duties Are Not Incidental To Serving Customers | 5 |
|     B.    No Efficiency Is Lost In Defendants' Restaurant Operations If Servers Are Paid Minimum Wage For Food Preparation, Or If Cooks Paid Minimum Wage Perform Those Duties | 12 |
| II.    Defendants Efforts To 'Inform' Tipped Employees Of The Provisions Of Subsection 3(m) Prior To May 2011 Did Not Comply With That Subsection's Requirements, And Thus Defendants Forfeited The Right To Take The Tip Credit | 13 |
| Conclusion.................................................................................. | 15 |
| Certificate of Compliance with F.R.A.P Rule 32(a)(7) ............................................. | 17 |
| Certificate of Service.............................................................. | 18 |

# TABLE OF AUTHORITIES

Page

## Cases

*Barrera v. MTC, Inc.,*
No. SA-10-CA-665 XR, 2011 U.S. Dist. LEXIS 83468 (W.D. Tex. July 29,
2011) .................................................................................................. 6, 7

*Dole v. Bishop,*
740 F.Supp. 1221 (S.D. Miss. 1990) .................................................. 9

*Driver v. AppleIllinois, LLC,*
739 F.3d 1073 (7th Cir. 2014) ................................................... 1, 7, 10

*Driver v. AppleIllinois, LLC,*
890 F. Supp. 2d 1008 (N.D. Ill. 2012) ................................................ 9

*Driver v. AppleIllinois, LLC,*
917 F. Supp. 2d 793, 801-02 (N.D. Ill. 2013) ........................... 13, 14

*Fast v. Applebee's Int'l, Inc.,*
638 F.3d 872 (8th Cir. 2011) ....................................................... 6, 11

*Fast, et al. v. Applebee's Int'l, Inc.,*
No. 06-4146-CV-C-NKL, 2010 U.S. Dist. LEXIS 19571 (W.D. Mo. Mar. 4,
2010) ...................................................................................................... 8

*Gillian v. Starjem Restaurant Corp.,*
No. 10 Civ. 6056, 2011 U.S. Dist. LEXIS 115833 (S.D.N.Y. Oct. 4, 2011) ....... 6

*Hodgson v. Frisch's Dixie, Inc.,*
No. 6641, 1971 U.S. Dist. LEXIS 12029 (W.D. Ky. Aug. 16, 1971) ................. 9

*Kilgore v. Outback Steakhouse of Florida, Inc.,*
160 F.3d 294 (6th Cir. 1998) ............................................................. 10

*Montijo v. Romulus Inc.,*
No. CV-14-264-PHX-SMM, 2015 U.S. Dist. LEXIS 41848 (D. Az. Mar. 30,
2015) ..................................................................................................... 10

*Myers v. The Copper Cellar Corp.,*
192 F.3d 546 (6th Cir. 1999) ............................................................... 9

*National Rest. Ass'n. v. Solis,*
    870 F. Supp. 2d 42, 54-55 (D.D.C. 2012), *appeal dismissed*, No. 12-5209, 2012
    U.S. App. LEXIS 17166, 2012 WL 3244056 (D.C. Cir. 2012) ................... 13, 14

*Pellon v. Business Representation In'l, Inc.,*
    528 F. Supp. 2d 1306 (S.D. Fla. 2007)............................................................. 11

*Porter v. West Side Rest., LLC,*
    No. 13-1112-JAR-KGG, 2014 U.S. Dist. LEXIS 57126
    (D. Kan. Apr. 24, 2014) .................................................................................... 6

*Richardson v. Mountain Range Rest. LLC,*
    No. CV 14-1370, 2015 U.S. Dist. LEXIS 35008 (D. Ariz. Mar. 20, 2015)....... 10

*Roberts v. Apple Sauce, Inc.,*
    No. 3:12-CV-830-TLS, 2013 U.S. Dist. LEXIS 68255
    (N.D. Ind. May 13, 2013) ................................................................................ 10

*Schaefer v. P.F. Chang China Bistro, Inc.,*
    No. CV-14-185-PHX-SMM, 2014 U.S. Dist. LEXIS 105444
    (D. Az. Aug. 1, 2014) ..................................................................................... 10

*Shahriar v. Smith & Wollensky Rest. Group, Inc.,*
    659 F.3d 234 (2d Cir. 2011) .............................................................................. 6

*Townsend v. BG-Meridian, Inc.,*
    No. CIV-04-1162-F, 205 U.S. Dist. LEXIS 45200 (W.D. Okla. 2005) ............ 11

*Roussell v. Brinker In'l, Inc.,*
    No. 09-20561 c/w No. 10-20614, 2011 U.S. App. LEXIS 19027, (5th Cir. Sept.
    14, 2011) ........................................................................................................... 6

## Statutes and Regulations

29 C.F.R. §531.51......................................................................................................... 7

29 C.F.R. §531.52......................................................................................................... 6

29 C.F.R. §531.56(e)..................................................................................................... 7

29 C.F.R. §531.59..................................................................................................... 7, 13

29 U.S.C. §203(m) ............................................................................................... *passim*

29 U.S.C. §203(t) ............................................................................... 1, 6, 10

United States Dep't Labor Field Operations Handbook,
    Section 30d00(e) ......................................................................... 2, 7, 11

## INTRODUCTION

Are duties like chopping fruits, vegetables and mushrooms, and preparing sauces like sour crème, applesauce and lingonberry, the duties of a server or of a cook?  Are those duties incidental to serving a *particular* customer, or are they in aid of general restaurant operations?

Defendants admit, as they did in the district court, that their servers performed these food preparation duties while paid the tip-credit wage rate.  That admission was indeed enough for the district court to grant summary judgment: summary judgment for the Plaintiff and the class of servers he represents. Defendants required tipped employees to perform duties of a non-tipped occupation, like food preparation, and at those times those servers ceased to be "tipped employees" under Section 3(t) of the Fair Labor Standards Act.

As this Court recently noted, restaurant servers are entitled to full minimum wage for performing unrelated non-tipped work like food preparation.  *Driver v. AppleIllinois, LLC,* 739 F.3d 1073, 1075 (7th Cir. 2014).  Thus, Defendants' failure to pay minimum wage to servers for that work violated both the FLSA and the Illinois minimum wage statute.

Defendants' response brief makes no effort to categorize the duties that they required servers to perform in their restaurants. Nor do Defendants make any effort to explain how job duties that are customarily performed by a cook, such as regular chopping and slicing fruits, vegetables and mushrooms, can be duties 'incidental' to duties of a tipped occupation when performed by a server.   Instead, Defendants

argue that so long as tipped employees are performing food preparation duties every day, they are engaged in the duties of a tipped occupation. But assigning a server the job duties of a cook does not make food preparation eligible to be paid for at the sub-minimum wage tip credit rate. In fact, the Department of Labor's Field Operations Handbook states that even duties that are related, if "routinely assigned," will not be eligible for tip credit.  Field Operations Handbook §30d00(e).

At the same time, Defendants acknowledge that if an employer employs a tipped employee "in a different capacity – a different job," Defs.' Brief at 20, that employee must be paid full minimum wage.  Yet Defendants point to nothing that precludes that different job from being a minimum wage job in the restaurant.

In the same confused vein, Defendants acknowledge the *Driver* litigation (while claiming it is "easily distinguishable"), in which violations of federal and state law were found because tipped employees performed non-tipped duties at the tip-credit wage rate, while citing to a few errant district court cases, for the proposition that as long as employees are serving customers, those employees can perform *any* restaurant duties and still be paid minimum wage.

But those cases, and the district court's ruling here, ignore the fundamental precepts of the tipped provisions of the Act:  an employer can only take a tip-credit from the wages of a tipped employee, and a tipped employee is one performing the duties of a tipped occupation.  An employee cutting produce and preparing sauces is performing the duties of a cook, not the duties of a server.

Finally, Defendants claim that requiring tipped employees to be paid full

2

minimum wage when performing non-tipped duties is somehow "unworkable."

To the contrary, it is wholly workable, as Defendants themselves have proven. As the district court noted, prior to May 2011, servers were cutting most all the produce; after that time, "Defendants reduced the amount of produce servers had to cut." App. 7-8.

In restaurants where tipped employees are lawfully paid, management directs those employees as to what 'sidework' duties they must perform, and if those sidework duties are the tasks of cooks, janitors or dishwashers, the employees are directed to 'clock in' under the appropriate minimum-wage job code. So Defendants here can either instruct servers not to perform food preparation duties, or if servers are required to perform those duties, they can 'clock out' as a server paid the tip-credit wage and 'clock in' as a cook making at least minimum wage.

Although the district court acknowledged that tipped employees who perform non-tipped duties must be paid at minimum wage, the court's decision offers no rationale for deviating from that fundamental principle where servers regularly performed food preparation duties and yet were paid sub-minimum wages for that time. The court simply declared that such duties are "incident" to tipped duties, and Defendants' brief offers no analysis, principled or otherwise, as to why that is so.

The district court erred, and must be reversed.

With regard to whether Defendants "informed" their tipped employees of the provisions of Subsection 3(m) prior to May 2011, Defendants insist that before that

time the Act did not specify the information required to be conveyed. That is false, since Subsection 3(m) itself identifies those requirements, unchanged since 1996, and the Department regulation revision merely parrots those requirements.

As the district court noted, merely posting required DOL-compliant posters does not 'inform' tipped employees of anything, and the scant passage in Defendants' employment handbook falls far short of meeting the Act's express requirements.

## ARGUMENT

I.  **The Food Preparation Duties That Defendants Required Servers To Perform Are Not Related To Serving Customers And Thus Must Be Compensated At Minimum Wage**

The record is clear that servers working in Defendants' restaurants were required to regularly prepare sauces and slice fruits, vegetables and mushrooms. Defendants admit those facts, and the district court acknowledged them in its ruling. The record is also clear that servers were performing those duties not for their individual customers, but in support of the general restaurant operations. Defendants' "efficiency" argument that customer service is improved when produce is cut and sauces are prepared beforehand says nothing whatever about the hourly wage a server must lawfully receive for doing that work, but it does affirm that those food handling duties are not performed for individual customers, but for *all* customers who enter the restaurant. That is, the servers chopping and slicing produce supports the general restaurant operation, not the needs of an individual

4

customer.

Defendants' argument for affirmance is confused. They have cited to a few district court cases[1] that reject the 'dual jobs' claim *in toto*. Yet Defendants seem to acknowledge, as the district court did, that some duties that an employer may require the tipped employee to perform must be paid at full minimum wage.[2] Defendants also reiterate their argument in the district court that they did not treat their servers as poorly as the servers in the *Driver* litigation were treated. But except to criticize Plaintiff's analysis, Defendants make no effort to justify the district court's ruling or to give that decision an analytic footing; and because the district court did not supply that analysis, Defendants' lack is that much more telling.

Preparing food is not incidental to serving food, and thus the district court ruling must be reversed.

A.    Duties Related To Duties Of A Tipped Occupation Must Be *Incidental* To The Tipped Duties, And Food Preparation Duties Are Not Incidental To Serving Customers

In order to take the 'tip credit' from the wages of an employee, that person must be a "tipped employee." 29 U.S.C. § 203(m). The Act requires that a tipped

---

[1]    Two of which originate from one judge in the District of Arizona. *See* Section I.A. n. 3, *infra*.

[2]    As noted, the court acknowledged that Defendants changed their sidework practices in May 2011 to reduce the amount of produce that servers were obligated to slice and chop. App. 7-8.

employee be "engaged in an occupation" in which he customarily and regularly receives tips. 29 U.S.C. § 203(t); *Fast v. Applebee's Int'l, Inc.,* 638 F.3d 872, 876 (8th Cir. 2011). "[A]n employee is a tipped employee if two things occur: 1) he is engaged in an occupation, and 2) the occupation is one in which he regularly and customarily receives at least $30 in tips per month." 638 F.3d at 876 *citing* 29 U.S.C. § 203(t). The tipped occupation requires that the employee is performing duties that serve the customer, because a "tip is a sum presented by a customer as a gift or gratuity *in recognition of some service performed for him.*" 29 C.F.R. § 531.52 (emphasis added).

Since the gratuity is given to recognize service performed for the patron, an employee's interaction with that customer is necessary if a service performed is tip-producing. *See Shahriar v. Smith & Wollensky Rest. Group, Inc.,* 659 F.3d 234, 240 (2d Cir. 2011) (employer loses entitlement to tip credit where tips shared with employees who do not provide direct customer service); *Roussell v. Brinker In'l, Inc.,* No. 09-20561 c/w No. 10-20614, 2011 U.S. App. LEXIS 19027, *19-20 (5th Cir. Sept. 14, 2011) (direct customer interaction highly relevant to tip-eligibility, thus QA/Expo employees not tip-pool eligible); *Porter v. West Side Rest., LLC,* No. 13-1112-JAR-KGG, 2014 U.S. Dist. LEXIS 57126, at * 31 (D. Kan. Apr. 24, 2014) (direct customer interaction relevant to eligibility for tip pool); *Gillian v. Starjem Restaurant Corp.,* No. 10 Civ. 6056, 2011 U.S. Dist. LEXIS 115833, *14 (S.D.N.Y. Oct. 4, 2011) (to determine an individual's status as a tipped employee courts consider tasks performed and extent of customer interaction); *see also Barrera v.*

6

*MTC, Inc.,* No. SA-10-CA-665 XR, 2011 U.S. Dist. LEXIS 83468, *11-15 (W.D. Tex. July 29, 2011) (job need not include *direct* customer interaction, since customer tips may come from customers "visibly witnessing" service performed for their benefit).

The Act itself thus identifies two categories of duties: duties of a tipped occupation and duties of a non-tipped occupation. The employer cannot take the tip-credit for time the employee works in the non-tipped occupation; for that time the employer must pay the employee full minimum wage. 29 U.S.C. §203(m); 29 C.F.R. §§ 531.51, 531.59; *Driver,* 739 F.3d at 1075.

Onto this statutory structure the Department of Labor hung a third category: duties "related to" the tipped occupation. 29 C.F.R. §531.56(e). So that a certain amount of duties, no more than 20 percent, will be eligible for tip-credit as long as "such duties are *incidental to the regular duties of the server* (waiter/waitress) *and are generally assigned to the servers.*" Field Operations Handbook § 30d00(e) (emphasis added). But, where employees are "routinely assigned" to such duties, no tip-credit can be taken. *Id.*

Thus, duties are 'related' to the tipped occupation where they occur "incidental to" the performance of tip-producing duties, serving a particular customer, and are generally assigned to tipped employees. As Plaintiff has argued, nontip-producing duties originating in a specific customer request or a specific customer interaction, so long as they are duties generally assigned to servers, will be 'incidental' or 'related' to the tipped occupation. Indeed, almost any request made by a patron, the fulfillment of which may require the tipped employee to

perform a nontip-producing task, would meet the 'related duty' test.

For example, if a Walker Bros. customer orders a German pancake, which according to Defendants' menu is served with sliced lemon, and the cooks have not kept up with the sliced-lemon demand, the server can slice a lemon to fill the patron's order. Food preparation is not a duty of a tipped occupation, and slicing a lemon is food preparation; however, that task is incidental to the service of the German-pancake-ordering patron, and thus related to customer service. And so, as long as that task and similar such duties do not exceed 20 percent, Defendants could in this example take the tip-credit.

What would not be permissible is for the restaurant manager, seeing that no lemons have been sliced by the cooks, to direct the server to slice several crates of lemons to fill the restaurant's lemon needs for the day; or for the manager to engineer a situation, like inadequate staffing, in which servers must always slice lemons, if the server is paid the tip-credit wage for that time.

Other restaurant duties can never be performed by tipped employees paid the tip-credit wage rate, because such duties are not tip-producing and cannot be incidental to tipped duties. Thus, duties like restroom cleaning must always be paid at full minimum wage. *See Fast, et al. v. Applebee's Int'l, Inc.*, No. 06-4146-CV-C-NKL, 2010 U.S. Dist. LEXIS 19571, *17-18 n.7 (W.D. Mo. Mar. 4, 2010)("[t]here is no reasonable argument that cleaning bathrooms is related to occupations where food and beverages are handled even if both the bathroom and the food promote a customer's enjoyment of the restaurant.") Such duties are not

8

those generally assigned to waitstaff, and thus no tip-credit may be taken from a nominally tipped employee for performing such work.

As the record in this case unambiguously reveals, it is the latter situation that the servers confronted in their employment at Defendants' restaurants.

In lieu of advocating some alternative analysis, Defendants have opted to mischaracterized Plaintiff's analysis. Defs.' Brief at 30 ("Schaefer's assertion that server duties must have 'customer interaction' to quality [sic] as 'related' to the job of a server is similarly devoid of merit.")

To be clear, Plaintiff does not argue that duties *related* to tipped duties must include customer interaction, but that the *tipped duties* themselves must have that characteristic. Duties are related if they occur incidental to customer service, as described above.

For decades now, nearly since the 1966 revision to the Act that included restaurant and hotel employees within its purview, courts have determined that food preparation is not related or incidental to the tipped occupation of server. *See Driver v. AppleIllinois, LLC*, 890 F. Supp. 2d 1008, 1010, 1036 (N.D. Ill. 2012) (summary judgment on liability granted on non-tipped duties claim); *Dole v. Bishop,* 740 F.Supp. 1221 (S.D. Miss. 1990) (chopping vegetables and making puddings and ice cream not incidental to waitress's tipped duties); *Hodgson v. Frisch's Dixie, Inc.,* No. 6641, 1971 U.S. Dist. LEXIS 12029, at * 1 (W.D. Ky. Aug. 16, 1971); *see also Myers v. The Copper Cellar Corp.*, 192 F.3d 546, 551 (6th Cir. 1999) (salad preparers working in kitchen in traditional food preparation duties

9

with no customer contact not tipped employees); *Kilgore v. Outback Steakhouse of Florida, Inc.,* 160 F.3d 294, 300-02 (6th Cir. 1998) (distinguishing between host and back-of-the-house employees like dishwashers, cooks and janitors, who have no customer contact). This Court's recent statement in *Driver* echoes the conclusions of these older cases. *See Driver* 739 F.3d at 1075 (restaurant servers performing non-tipped duties, like "washing dishes, preparing food, mopping the floor, or cleaning bathrooms," are entitled to full minimum wage for the performance of that work).

Defendants have cited three district court cases of recent vintage that reject the notion that some duties that servers may be required to perform must be paid at full minimum wage. Defs.' Brief at 21-23. What is common to these cases is that in no instance do these courts explain how such a conclusion can be squared with the predicate conditions stated in Sections 3(m) and 3(t) of the Act, that the tip-credit may only be taken from the wages of an employee performing the duties of a tipped occupation. *Montijo v. Romulus Inc.,* No. CV-14-264-PHX-SMM, 2015 U.S. Dist. LEXIS 41848, at *1 (D. Az. Mar. 30, 2015); *Richardson v. Mountain Range Rest. LLC,* No. CV 14-1370, 2015 U.S. Dist. LEXIS 35008, at *1 (D. Ariz. Mar. 20, 2015); *Roberts v. Apple Sauce, Inc.,* No. 3:12-CV-830-TLS, 2013 U.S. Dist. LEXIS 68255, at *1 (N.D. Ind. May 13, 2013).[3]

---

[3]     The first two of these cases originate from the same judge in the District of Arizona, and in fact that judge authored a third case with a similar outcome. *Schaefer v. P.F. Chang China Bistro, Inc.,* No. CV-14-185-PHX-SMM, 2014 U.S. Dist. LEXIS 105444, at *1 (D. Az. Aug. 1, 2014). Two other cases cited by

Further, all three decisions cite to the Department of Labor's Field Operations Handbook provision interpreting the 'dual jobs' regulation, but none of those decisions note that the tip credit *cannot* be taken for time spent on related duties if those duties are "routinely assigned." Field Operations Handbook §30d00(e).

As the Eighth Circuit stated in *Fast,* the "tip credit does not apply to just any employee who ever received a tip. It applies only to employees *engaged in an occupation* where the employee 'customarily and regularly receives more than $30 a month in tips.'" 638 F.3d at 876. Employees who perform duties of a cook, a janitor, a dishwasher, are not then engaged in an occupation in which they receive tips, and of course, when performing those duties they do not receive tips.

Neither Defendants nor the district court opinion offer any reasoned basis for differentiating between an employee slicing strawberries and an employee who makes the Belgium waffles which those slice strawberries top; between an employee who chops mushrooms, and an employee who cooks the omelet into which the mushrooms are placed. Slicing fruits, vegetables and mushrooms and preparing sauces are not duties incidental to customer service, and thus are not related to the tipped occupation.

---

Defendants found that the challenged duties were related to the tipped occupation. *Pellon v. Business Representation In'l, Inc.,* 528 F. Supp. 2d 1306, 1314-15 (S.D. Fla. 2007); *Townsend v. BG-Meridian, Inc.,* No. CIV-04-1162-F, 205 U.S. Dist. LEXIS 45200, at * 19 (W.D. Okla. 2005).

Without any more analysis than the district court's say so, Defendants seek an interpretation of the Department's "related duties" category to include regular food preparation. That construction would allow restaurants to turn tip-earning servers into sub-minimum wage cooks, and while it is consistent with the district court's ruling, it is inconsistent with the FLSA.

### B. No Efficiency Is Lost In Defendants' Restaurant Operations If Servers Are Paid Minimum Wage For Food Preparation, Or If Cooks Paid Minimum Wage Perform Those Duties

Defendants argue that having quantities of fruits and vegetables and prepared sauces available and on hand make the servers more efficient. In his deposition, Plaintiff Schaefer agreed. But Defendants' statement is a *non sequitur* in the context of this litigation.

Requiring tipped employees to perform those food preparation duties, and requiring them to perform those duties while paid the sub-minimum, tip-credit wage rate, does not make them more efficient.[4] It does, however, save Defendants money they would otherwise pay line cooks or prep cooks to perform those duties at or above minimum wage.

The efficiencies Defendants glean from having quantities of produce sliced and sauces made ahead of the 'rush' are all available if servers are paid minimum wage for that work, or cooks who are already paid above minimum wage perform

12

those duties.

## II.  Defendants Efforts To 'Inform' Tipped Employees Of The Provisions Of Subsection 3(m) Prior To May 2011 Did Not Comply With That Subsection's Requirements, And Thus Defendants Forfeited The Right To Take The Tip Credit

Defendants argue that, until May 2011 when the Department of Labor issued its revised regulation on the content of the Subsection 3(m) requirements, 29 C.F.R. §531.59, "neither the FLSA nor the regulations defined what constituted adequate notice under § 203(m)." Defs.' Brief at 34. That statement is false.

Subsection 3(m) itself requires that tipped employees be "*informed* by the employer of the provisions of this subsection," and further expressly states what information the employer must provide to the tipped employee. 29 U.S.C. §203(m) (emphasis added). That information includes: (i) the cash wage the employee will receive; (ii) the additional amount on account of tips on which the employer's credit is claimed; (iii) that the additional amount may not exceed the tips actually received; (iv) that the employer cannot take the tip credit unless the employee has been informed of Subsection 3(m); and (v) that all tips received by the employee must be retained by that employee, except tip pooling among tipped employees is permitted. *See Driver v. AppleIllinois, LLC,* 917 F. Supp. 2d 793, 801-02 (N.D. Ill. 2013) (DOL revised regulation requires no more than what employer was required to do under Section 3(m)); *National Rest. Ass'n. v. Solis,* 870 F. Supp. 2d 42, 54-55

---

[4]    By the same token, the Occupational Information Network that Defendants cite does not address the wage that a server must be paid for the performance of any particular duty.

(D.D.C. 2012), *appeal dismissed*, No. 12-5209, 2012 U.S. App. LEXIS 17166, 2012
WL 3244056 (D.C. Cir. 2012) (court performed side-by-side comparison and
determined that the revised regulation's five requirements "derived directly from
the statutory text of section 3(m)").

The efforts that Defendants made prior to May 2011 did not adequately met
their Section 3(m) obligations.

As the district court noted, mere posting of a Department of Labor poster is
insufficient to meet the "informed" requirement of the Subsection. App. 11; *Driver,*
917 F. Supp. 2d at 802-03.

Likewise, the information Defendants provided in their employee handbook
was inadequate. R. 147, Defs.' L.R. 56.1 Stmt. Facts, ¶ 5. As it relates to
Subsection 3(m), the pertinent section, "TIP CREDIT AND TIP REPORTING,"
states:

Tip credit (for servers):

Employers in Illinois may also apply a tip credit of 40% of minimum wage against
wagers paid for tipped employees.

| | |
|---|---|
| Minimum wage | $5.15 |
| Tip Credit | - $2.06 |
| Hourly rate | $3.09 |

*Id.* This sentence fails utterly to convey the information contained in the provisions
of Subsection 3(m), and even the information it does convey is wrong, since by late
2005, when Plaintiff Schaefer began employment with Defendants, the minimum

wage $6.50. Accordingly, the amount of tip credit permitted and the hourly wage rate required was not correct, nor was it what Defendants paid Plaintiff or the amount they took in tip credit.

Furthermore, the handbook section does not state that the tip credit taken may not exceed the tips actually received, that the employer cannot take the tip credit unless the employee has been informed of Subsection 3(m), or that all tips received by the employee must be retained by that employee, except for lawful tip pooling. In fact, Defendants' tip credit section does not even inform the tipped employee that Defendants *will* take the tip credit, only that they "may."

## CONCLUSION

Regularly requiring servers to slice fruit and vegetables, prepare sauces, and perform other back-of-house duties while paying those employees the tip-credit wage rate, Defendants were in essence employing cooks at less than minimum wage. Defendants admit, and the district court acknowledged, that those duties were regularly performed by servers; that is, "routinely assigned." While performing those duties, Plaintiff and the class of servers were not earning full minimum wage, nor could they earn a tip: Defendants thus had the benefit of employing cooks, while paying them a fraction of what an actual cook earned.

The district court's conclusions that these food preparation duties were "related to" the tipped occupation, and that those duties were intermittently performed, were erroneous.

Likewise, at no time prior to May 2011 did Defendants convey to their tipped

employees the provisions of Subsection 3(m) that that statute requires.  Simply telling servers that a portion of their tips would be credited to Defendants' minimum wage obligation fails to meet those requirements.

For the foregoing reasons, Named Plaintiff and the Class ask this Court to reverse the district court order granting summary judgment to Defendants, and remand for further proceedings in the district court consistent with this Court's rulings.

Respectfully submitted,

ROBERT SCHAEFER, OPT-IN PLAINTIFFS AND THE CERTIFIED CLASS OF SERVERS

s/Jamie G. Sypulski
One of the Attorneys for Plaintiffs-Appellants

Douglas M. Werman
Werman Salas P.C.
77 West Washington
Suite 1402
Chicago, Illinois 60602
312/419-1008

Jamie G. Sypulski
Law Office Jamie Golden Sypulski
150 North Michigan Avenue
Suite 1000
Chicago, Illinois 60601
312/332-6020

Attorneys for Plaintiffs-Appellants

## RULE 32(a)(7)(C) CERTIFICATE OF COMPLAINCE

I, Jamie G. Sypulski, an attorney, hereby certify that this brief complies with the type and volume limitation of Circuit Rule 32(a)(7)(B), in that this Brief of Plaintiffs-Appellants contains 3854 words, excluding the parts of the brief exempted by Fed. R. App. P. 32 (a)(7)(B)(iii).  This certification is based on the Microsoft Word count processing system used in preparing Plaintiffs-Appellants brief.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word in 12-point Century Schoolbook.


s/Jamie G. Sypulski
One of the Attorneys for Plaintiffs-Appellants

Douglas M. Werman
Werman Salas P.C.
77 West Washington Street
Suite 1402
Chicago, Illinois 60602
312/419-1008

Jamie G. Sypulski
Law Office Jamie Golden Sypulski
150 North Michigan Avenue
Suite 1000
Chicago, Illinois 60601
312/332-6202

Attorneys for Plaintiffs-Appellants

17

## CERTIFICATE OF SERVICE

I certify that on May 22, 2015, I electronically filed the forgoing with the

Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by

using the CM/ECF system.  I certify that all participants in the case are registered

CM/ECF users and that service will be accomplished by the CM/ECF system.


s/Jamie G. Sypulski
One of the Attorneys for Plaintiffs-Appellants


Douglas M. Werman                        Jamie G. Sypulski
Werman Salas P.C.                        Law Office Jamie Golden Sypulski
77 West Washington Street                150 North Michigan Avenue
Suite 1402                               Suite 1000
Chicago, Illinois 60602                  Chicago, Illinois 60601
312/419-1008                             312/332-6202

*Attorneys for Plaintiffs-Appellants*

18